UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>JUN MICHAEL DIRAIN,<br><br>          Defendant. | No. 2:11-CR-0296 WBS<br><br>ORDER |

----oo0oo----

        Defendant Jun Michael Dirain has filed a motion for reduction of his sentence to time served, or in the alternative for an order recommending to the Warden of the United States Prison at Atwater that defendant serve the remainder of his sentence in home detention. (Docket No. 1021.)

        Pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A)(i), after a defendant has fully exhausted his administrative remedies, the court may reduce his term of imprisonment if it finds extraordinary and compelling reasons warranting such a reduction. Defendant's request here is based

1

upon his allegation that he is about to complete service of his sentence at USP Atwater on June 1, 2020, and the Warden has required that all prisoners be housed in solitary confinement for two weeks before they are released.  This requirement is apparently to protect the public from the spread of the Covid-19 virus by any released prisoner.

        The court does not find that the potential that defendant may have to spend two weeks separated from the other prisoners, in a cell ordinarily used for punishment, in order to combat the spread of a deadly virus, constitutes an extreme or compelling reason for reduction of his six-month sentence to time served.  In the fight against this virus, countless Americans, many of them senior citizens who live alone, have been required by state or local government officials to remain in their homes, or even on stranded cruise ships, isolated from their loved ones, indeed from all human contact, for terms longer than two weeks.  Like defendant, many of them had not tested positive for the coronavirus.  That defendant must suffer in this pandemic along with everyone else does not justify reducing his already short sentence.

        Nor does the court choose to exercise its discretion to recommend to the Warden that defendant serve the last two weeks of his sentence in home detention.  A policy of isolating prisoners for two weeks before they are to be released, if that is in fact the policy, does not appear to this court to be unreasonable under the current unprecedented circumstances.  "Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of

Prisons." United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) (citations omitted). The court will defer to the authority of the executive branch in this decision.

IT IS THEREFORE ORDERED that defendant Jun Michael Dirain's Emergency Motion to Reduce Sentence or for Recommendation of Home Detention (Docket No. 1021) be, and the same hereby is, DENIED.

Dated:  May 12, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE